# IN RE ESTATE OF NELS PEARSON.
## EMILY SODERMAN PEARSON, APPELLANT.[1]

May 19, 1950.

No. 35,185.

---

[1]Reported in 42 N. W. (2d) 697.

*Emily Soderman Pearson, pro se.*

*Robert B. Gillespie,* for Arthur Pearson, administrator of the estate of Nels Pearson, respondent.

PER CURIAM.

Nels Pearson died intestate in Isanti county December 1, 1948. Emily Soderman Pearson, appellant here, was divorced from him in October 1934. He left surviving as his sole heirs his two sons, Floyd, aged 23, and Arthur, aged 28. Arthur was appointed administrator of his estate.

Prior to the divorce, appellant and deceased were the owners, as joint tenants, of an 80-acre tract in Isanti county, with a dwelling house and other structures thereon, constituting their homestead.

Under the original decree of divorce dated October 8, 1934, appellant was granted the custody of Floyd, then nine years of age, and deceased was granted the custody of Arthur, then 14 years of age. Deceased was ordered to pay appellant the sum of $30 a month as support money.

On February 16, 1935, appellant and her counsel and deceased and his counsel entered into a stipulation and agreement providing for modification and amendment of the prior decree of divorce. Therein, among other things, they agreed as follows:

"That the defendant, Nels Pearson, shall pay to the plaintiff, Emily Pearson, the sum of Twelve Hundred Fifty Dollars ($1250.00) in cash, as a full and complete settlement and payment of all permanent alimony and support for the said minor child, Floyd H. Pearson, * * *.

\* \* \* \* \*

"Plaintiff hereby waives all further claims against the defendant, of any kind or nature, which she may now have or may incur in the

future for alimony or maintenance for herself and said Floyd H. Pearson.

\* \* \* \* \*

"That the plaintiff Emily Pearson, execute and deliver to the defendant, Nels Pearson, a Quit-Claim Deed conveying all of her right, title and interest in and to the real estate described in the Complaint herein [homestead above described] to the said defendant.

\* \* \* \* \*

"That the defendant, Nels Pearson, be relieved from making the payments of Thirty ($30.) Dollars per month to the plaintiff as provided in the said Judgment and Decree."

On February 20, 1935, the trial court made its amended judgment and decree in the divorce action in accordance with the above stipulation.

Both parties carried out all obligations imposed upon them by the modified decree, deceased paying appellant the $1,250 specified and appellant executing and delivering to deceased a quitclaim deed conveying to him her undivided one-half interest in the homestead. Appellant retained custody of and supported Floyd from October 8, 1934, until July 1938. At that time he returned to live with his brother and deceased, where he remained most of the time until he entered the armed services in 1944. At no time subsequent to July 1938 did he return to the custody of appellant or receive any support from her other than a few small unsolicited gifts.

After the death of Nels Pearson on December 1, 1948, appellant filed a claim against his estate. It was disallowed by the probate court on April 11, 1949. While the record does not disclose the claim, appellant's brief indicates that it covers the following items, as set forth in appellant's language therein:

"No. 1. Son Floyd Pearson said in his father's farm home on December, 1948. He did not want anything of his father's estate or mony [sic]. He felt it was mothers [sic] on her claims. Son Floyd not present on claim hearing, mother puts claim on his share to be turned over to her.

"No. 2. My full homestead right at time of divorce. I did not even receive $1.00 for the farm homestead held in a joint tenant deed. It was Nels Pearson's intention that his ex wife was to have the farm homestead after he was gone. Nels Pearson sold this homestead after the divorce for $5,000. His ex wife considers her homestead right is still left and put a claim on farm homestead Nels Pearson now has.

"No. 3. Support money for son Floyd from 8 to 17 years, $30 per month for 8 years, total $2,880.

"No. 4. Cleaning up of the Nels Pearson farm home week ends making farm home fit for son Arthur to live in under 21. Prove. Carl Flink working in post office in Cambridge lived neighbors to Nels Pearson farm. He can tell you he seen ex wife cleaning up farm home. Call up Carl Flink. Ask him."

Following disallowance of her claim by the probate court, appellant served notice of appeal to the district court. She furnished no bond in connection therewith, but tendered to the clerk of the probate court her personal check for $300. On September 12, 1949, at the call of the calendar in district court, no request for a jury was made in any of the cases set down for trial, and the jury panel was dismissed. No one appeared on behalf of appellant, and her appeal was dismissed.

Subsequently, on December 27, 1949, notwithstanding this and notwithstanding her defective appellate procedure, the district court, motivated, no doubt, by her statement that she was without funds to retain counsel, heard her appeal. At this hearing, her testimony and that of one witness in her behalf, Carl Flink, was presented. The stipulation and modified decree in the divorce proceedings were submitted on behalf of the estate. Appellant admitted that deceased had carried out all the terms and conditions thereof imposed upon him and that she had made, executed, and delivered to him the quitclaim deed to the homestead as required thereby.

Subsequently, the trial court denied appellant's claims and made findings and conclusions in connection therewith as follows:

256

## FACTS

"1. That appellant-claimant Emily Soderman Pearson was duly divorced from the decedent in 1934 and has received all property due her under the Decree of the District Court entered in such divorce proceedings.

"2. That Floyd Pearson, son of claimant, has not been in claimant's custody since 1938 and claimant has contributed nothing toward his support since that time except for nominal unsolicited gifts.

"3. That claimant has not rendered to decedent any services of value for a period of more than six years prior to the death of the decedent."

## CONCLUSIONS

"1. That appellant-claimant has no claim against the Estate of Decedent arising out of her marital relationship prior to 1934 or as a result of the Decree of this Court in connection with her divorce from decedent.

"2. That appellant's claim for reimbursement of moneys expended for support of Floyd Pearson is outlawed by the statute of limitations and any contributions made by her for the support of said child since that date is not a valid claim against the Estate of Nels Pearson.

"3. That appellant's alleged claim for services rendered to decedent is outlawed under the statute of limitations and are [sic] not a valid claim against the estate."

Thereafter, appellant filed a petition in this court "praying for a jury trial and that her claims and proper settlement of Estate asked for be approved by Supreme Court on records and briefs."

■ It is obvious that appellant's proceedings have been defective throughout. She has refused to retain the services of counsel, although the transcript indicates that she was possessed of funds sufficient for this purpose. However, because of the fact that she is without counsel and has expended the funds necessary for printing the record and brief herein, her petition (sic) will be taken under consideration.

■ The record discloses that all rights, property or otherwise, as between appellant and deceased, were settled by the modified judgment entered in the divorce proceedings on February 20, 1935. This in turn was based upon the stipulation signed by appellant and her counsel shortly prior thereto. No attempt was ever made to have this judgment modified. No appeal was taken therefrom, and this right has long since expired. Under such circumstances, it is obvious that the present proceedings constitute a collateral attack thereon. It is clear, therefore, that the trial court properly denied appellant's claim to any part of the homestead or for support money.

■ Both of appellant's sons testified in the district court proceedings. They were satisfied with the method in which the affairs of the deceased were being handled in probate court. They testified that appellant had done practically nothing on their behalf since 1938 and that she had done nothing for the deceased for at least six years prior to his death.

Appellant testified that she had frequently gone to the farm home of deceased to do housework about the place. The testimony of Floyd and Arthur was that this work was unsolicited by deceased and did not occur more than once or twice a year. Carl Flink, called on behalf of appellant to support her claim in this respect, testified that he could remember only two times when she was at the home of deceased and that both such occasions were during the 1930's.

In the light of such evidence and in view of the prior judgment in the divorce proceedings, we hold that the evidence amply sustains the findings of the trial court, and that they, in turn, reasonably support the conclusions drawn therefrom.

The petition of appellant must be denied.